United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Kenneth Warren Ford, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-cv-25144-Civ-Scola |
| | ) | |
| Captain Phillip LeBowitz and Sgt. D. Shelby, Defendant. | ) ) | |

### Amended Order Adopting Magistrate's Report and Recommendation

This § 1983 case was referred to United States Magistrate Judge Lisette M. Reid for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. On April 19, 2019, Judge Reid issued her report and recommendation after screening pro se Plaintiff Kenneth Warren Ford's *in forma pauperis* complaint under 28 U.S.C. § 1915. (ECF No. 12.) Ford's objections to Judge Reid's report were initially due on May 2, 2019. On May 10, 2019, however, he requested a fourteen-day extension. (Pl.'s Mot. At 13.) The Court granted the motion, allowing Ford until May 16, 2019, to file his objections. When that deadline had passed without Ford's having submitted any objections, the Court, after a de novo review, adopted Judge Reid's report and recommendation (ECF No. 15). Ford has now submitted objections (Pl.'s Objs., ECF No. 16), albeit late—though it appears there has been some delay in Ford's receipt of rulings from this Court. In any event, despite the untimeliness of the objections, the Court has nonetheless considered them and amends its order accordingly but still **adopting** Judge Reid's report and recommendation (**ECF No. 12**).

Upon her § 1915 review, Judge Reid afforded Ford the opportunity to proceed with the majority of his claims. She dismissed, however, his state-law claims against Defendant Sergeant Shelby for battery and assault. As Judge Reid explained, Ford's complaint contains no allegations of Shelby's actually making contact with Plaintiff or creating any fear of imminent peril. In his objections, Ford acknowledges that his eyes were closed during the period when he alleges Shelby may have attacked him. Nonetheless, Ford contends Judge Reid failed to take into account two factors which he believes render his assault and battery claims against Shelby viable. First, while Shelby was allegedly nearby, and after Defendant Captain Phillip Lebowitz had choked, punched, and sprayed Ford, Lebowitz exclaimed, "Don't just stand there . . . help me get him to the ground." (Compl. ¶ 25, ECF No. 1, 5.) Second, Ford explains, the size difference between Ford ("towering 6'1 approximately 200 lb

muscle-bound") and Lebowitz ("4'9, 135 lb, tiny built") shows Lebowitz could not have possibly taken him to the ground without help. (Pl.'s Objs. at 5–6.) According to Ford, these allegations "suggest participation by Sergeant Shelby" (*id.* at 5) and "support[] an 'inference' that Sergeant Shelby did in fact provide assistance" (*id.* at 6). The Court finds this is not enough for Ford's state tort claims against Shelby to go forward.

As explained by Judge Reid in her report, "[t]o avoid dismissal for failure to state a claim on which relief can be granted, a complaint must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (J. Reid Rep. & Rec., ECF No. 12, 3 (quoting *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1106-07 (11th Cir. 2015) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).) Ford has not alleged such facts.

To begin with, Ford's complaint does not contain the information regarding the relative sizes of Ford and Lebowitz. But even if did, or even if Ford wanted to amend his complaint to include that information, his state tort claims against Shelby would still be subject to dismissal. Ford alleges no facts that would allow the Court to make the "reasonable inference" that Shelby was involved in the attack. It would be pure conjecture or speculation for the Court to infer that Shelby had to have assisted Lebowitz in "slam[ing]" him "to the ground" just because of the mismatch in Lebowitz and Ford's sizes and Lebowitz's general demand for help.  This is especially so given the absence of any allegation whatsoever in which Ford affirmatively contends Shelby actually helped Lebowitz slam him to the ground or punch him. The facts Ford alleges allow only for the possibility that Shelby could have done so—not that he in fact did so. But a complaint cannot be based on the mere possibility that someone had an opportunity to commit some wrong. There must be actual facts that would lead to the reasonable inference that a defendant indeed had committed the alleged wrong.

Furthermore, according to Ford's complaint, before Lebowitz allegedly demanded help in taking Ford to the ground, the trio had proceeded towards an infirmary where, as Ford tells it, "two nurses were present." (Compl. at ¶ 21.) Ford also recounts shouting, while seated in a chair at the end of a hallway, "Staff abuse . . . help me . . . he just choked and punched me . . . look at my face." (*Id.* at ¶¶ 20, 22.) Thereafter, Lebowitz sprayed him with a chemical agent, at which point Ford was blinded. (*Id.* at ¶ 23–24.) Ford then felt a number of punches which prompted him to stand. (*Id.* at ¶ 24.) Ford then, he says, continued to be punched which is when Lebowitz finally demanded help. (*Id.* at ¶ 25.) Ford never alleges that Shelby was the only other person in the room or nearby. And he specifically points out the presence of

two nurses. Thus not only does Ford fail to even allege that he could tell more than one person was involved in his take down or attack, he fails to explain how the Court could reasonably infer, without more, that it must have been Shelby who served as the second potential assailant. In sum, Ford's allegations are too slender a reed on which assault and battery claims against Shelby can stand.

Ultimately, the Court has, again, reviewed, de novo, the filings, the applicable law, and the record, and finds Judge Reid's report and recommendation cogent and compelling. The Court agrees with Judge Reid's conclusions that the state law claims against Shelby for assault and battery should be dismissed. The remainder of Ford's complaint survives § 1915 screening.

Based on the Court's review, the Court **overrules** Ford's objections (**ECF No. 16**) and **affirms and adopts** Judge Reid's report and recommendation (**ECF No. 12**) in full. Ford may proceed *in forma pauperis* with the bulk of his complaint intact, as detailed in Judge Reid's report.

**Done and ordered** in chambers, at Miami, Florida, on May 28, 2019.

_____
Robert N. Scola, Jr.
United States District Judge