United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kenneth Warren Ford, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-cv-25144-Civ-Scola |
| | ) |
| Captain Phillip LeBowitz and Sgt. D. Shelby, Defendant. | ) |

### Order Overruling Objections

This § 1983 case was referred to United States Magistrate Judge Lisette M. Reid for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. After initial screening, Plaintiff Kenneth Warren Ford's § 1983 claims of excessive force and failure to intervene and state claims for assault and battery were permitted to proceed. (Rep. of Mag. J., ECF No. 12; Order Adopting Rep., ECF No. 19.) Thereafter, Judge Reid entered a pretrial scheduling order. (Sched. Order, ECF No. 36.) Despite the initial-disclosure exemption Federal Rule of Civil Procedure 26(a)(1)(B)(iv) ordinarily affords litigants in pro se cases like this one, Judge Reid, as she is permitted to do, nonetheless ordered Rule 26 initial disclosures. Defendants Damian Shelby and Philip Lebowitz, by motion, asked Judge Reid to reconsider her order, complaining, mostly, that the discovery order was overly broad. (Defs.' Mot. for Reconsideration, ECF No. 39.) In response, Judge Reid amended her order, narrowing the scope of the ordered discovery so that it was properly in line with the parameters set forward in Rule 26(a). (Mag. J. Order, ECF No. 43.) Not satisfied, the Defendants have now objected, asking this Court to intervene and vacate Judge Reid's order that the Defendants provide initial disclosures, consistent with Rule 26(a)(1)(A), and that the parties meet for an initial Rule 26 conference. (Defs.'s Objs., ECF No. 47.) Finding the Defendants' objections meritless, the Court **overrules** them. (**ECF No. 47**).

As the Defendants themselves acknowledge, a "Magistrate Judge . . . may order Rule 26 initial disclosures, despite the fact that this case is exempt from automatic initial disclosure obligations." *Thompson v. Gonzales*, 1:15-CV-301-LJO-EPG, 2016 WL 5404436, at *2 (E.D. Cal. Sept. 27, 2016). At the heart of the Defendants' quarrel with Judge Reid's order is their complaint that she "has articulated no reason for removing this case from the intended exemption of Rule 26(a)(1)(B)(iv)." (Defs.' Objs. at 7.) Without any legal or factual support, the Defendants charge that doing so in this case was either clearly erroneous or contrary to law. The Defendants widely miss the mark.

Ford, here, maintains one of the Defendants beat and pepper sprayed him while the other watched and failed to intervene. Most of Ford's claims survived initial screening. Further, the Defendants agree that Judge Reid's amended scheduling order requires discovery that falls within the confines of Rule 26's parameters. Finally, the Defendants have not cited a single case to support their belief that a court is required to articulate a particular reason for departing from the general initial-disclosure exemption. Without more, the Court finds nothing improper, never mind clearly erroneous or contrary to law, about Judge Reid's ordering the initial disclosures and conference in this case.

Accordingly, the Court **overrules** the Defendants' objections (**ECF No. 47**). Additionally, the Defendants are forewarned that, going forward, their failure to comply with Local Rule 7.1(a)(3)'s conferral requirements, may result in the Court's denial of any noncompliant motion with prejudice.

**Done and ordered** at Miami, Florida, on November 19, 2019.

_____
Robert N. Scola, Jr.
United States District Judge